UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| YACHT BASIN PROVISION COMPANY, INC. d/b/a PROVISION COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>PKC INVESTMENTS, LLC d/b/a INLET PROVISION COMPANY, KATHY BATES, PHILLIP BATES, and CYNDI MORAN,<br><br>    Defendants. | Case No. 2:22-cv-02180-DCN |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS MOTION TO STRIKE COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**

Plaintiff Yacht Basin Provision Company, Inc. d/b/a Provision Company ("Plaintiff" or "Provision Company"), pursuant to Local Civ. Rule 7.04 (D.S.C.), submits this memorandum of law in support of its motion to strike Defendants PKC Investments, LLC d/b/a Inlet Provision Company ("Inlet Company"), Kathy Bates, Phillip Bates, and Cyndi Moran's (collectively, "Defendants") Counterclaims and Affirmative Defenses Nos. 4, 5, 7, 14, 19, 22-24, and 27-32 in their Amended Answer and Counterclaims. (Dkt. 57). For the reasons discussed herein, this Court should grant Plaintiff's motion in its entirety.

**I.    INTRODUCTION & STATEMENT OF THE CASE**

This case began as a result of Defendants' refusal to cease and desist from using Plaintiff's trademarked restaurant name in their competing restaurant less than 100 miles away. Plaintiff filed the present litigation on June 28, 2021, in the U.S. District Court for the Eastern District of North Carolina alleging trademark infringement, unfair competition, cybersquatting, unfair and deceptive trade practices, and unjust enrichment. (Dkt. 1). Plaintiff filed its First Amended

Complaint on July 27, 2021, Dkt. 7, to correct the Defendant party names. On September 24, 2021, Defendants moved to dismiss the litigation, alleging the court lacked personal jurisdiction, or in the alternative, to transfer this litigation to the District of South Carolina. (Dkt. 21). Various motion practice followed, and the court permitted Plaintiff to take limited jurisdictional discovery pertinent to Defendants' motion to dismiss. (Dkt. 33). Upon the completion of jurisdictional discovery, the parties filed supplemental briefing, and Plaintiff filed its Second Amended Complaint, the operative complaint now before the Court. (Dkt. 44). While Judge Flanagan of the Eastern District of North Carolina found that Defendants had purposefully directed some advertisements to North Carolina, and she did not find Defendants' defense that they were unaware their advertisements were reaching North Carolina to be credible, *see* Dkt. 48, at 20, Judge Flanagan none-the-less found that the advertisements in question were insufficient to establish personal jurisdiction. (*see* Dkt. 48, at 31). Judge Flanagan denied Defendants' motion to dismiss pursuant to Rule 12(b)(2), but she granted Defendants' motion to transfer under 28 U.S.C. § 1404(a) and transferred this litigation to the District of South Carolina on July 8, 2022. (*Id.*).

Pursuant to Federal Rule of Civil Procedure 12(a)(4)(A), Defendants' deadline to file their answer to the Second Amended Complaint was either July 22, 2022, fourteen days after Judge Flanagan entered her order denying Defendants' motion to dismiss under Rule 12(b)(2), or at least no later than August 1, 2022, fourteen days after the case was effectively transferred and a new docket opened in the District of South Carolina. Regardless, as of August 3, 2022, Defendants had not filed a responsive pleading or otherwise sought leave for an extension, and Plaintiff's counsel notified Defendants' counsel that afternoon that Plaintiff would request an entry of default from the clerk if no responsive pleading was filed by the following morning. Ex. A, Wooten to Racine Email. Defendants hastily filed an Answer and Counterclaims on August 4, 2022, containing

thirty-two generic affirmative defenses and three counterclaims. (Dkt. 54).

One of the counterclaims Defendants pled was under South Carolina's Unfair Trade Practices Act, alleging that Plaintiff's filing of a lawsuit to protect its intellectual property rights constituted an unfair trade practice. (*Id.* at 17). Concerned that South Carolina law unambiguously rejects such a claim, counsel for Plaintiff contacted counsel for Defendant on September 12, 2022, in the hopes of avoiding unnecessary motion practice on that claim. Defendants' counsel agreed to withdraw the claim that afternoon, and subsequently filed Defendants' Amended Answer and Counterclaims. (Dkt. 57). Defendants' Amended Answer and Counterclaims still maintain thirty-two generic, boilerplate affirmative defenses, many of which bear no relation to the present litigation, as well as two redundant, mirror-image declaratory judgment counterclaims. (*Id.*). The present motion seeks to streamline the affirmative defenses by requesting the Court strike fourteen affirmative defenses which are wholly unsupported in the Amended Answer and Counterclaims or are otherwise not plausibly related to this litigation, and to strike the mirror-image counterclaims as redundant to Plaintiff's affirmative claims in this litigation.

II.    **FACTUAL BACKGROUND**

Plaintiff has operated a restaurant in Southport, North Carolina, under the name Provision Company since June 1993. (Dkt. 44, at ¶¶ 17-19). Plaintiff owns U.S. Trademark Registration No. 2, 364, 222 for YACHT BASIN PROVISION CO., issued on July 4, 2000, and U.S. Trademark Application Serial No. 90/620,983 for PROVISION COMPANY, filed on April 22, 2021. (*Id.* at ¶¶ 21-22). Since roughly 2019, Defendants have operated a restaurant in Murrells Inlet, South Carolina, under the name Inlet Provision Company. (*Id.* at ¶¶ 24-27). Plaintiff notified Defendants via letter dated April 22, 2021, that Defendants were infringing Plaintiff's valuable trademark rights and causing actual confusion in the marketplace between the two restaurants, but Defendants refused to stop using the confusingly similar Inlet Provision Company designation on their

3

competing restaurant. (*Id.* at ¶¶ 29-31). Plaintiff was left with no recourse but to file this litigation on June 28, 2021, to protect its valuable intellectual property rights and seek legal and equitable remedies for the harms Defendants have caused Plaintiff.

Defendants filed an Answer and Counterclaims, as noted above, denying all of Plaintiff's claims, asserting thirty-two generic affirmative defenses, and alleging three counterclaims. (Dkt. 54). As discussed above, after conferral between counsel for the parties, Defendants filed an Amended Answer and Counterclaims, continuing to assert thirty-two generic affirmative defenses and asserting two redundant, mirror-image declaratory judgment claims. While most, if not all, of Defendants' affirmative defenses are generic and arguably fail to provide sufficient notice, fourteen of the affirmative defenses are particularly egregious as they fail to meet a heightened pleading standard for alleging fraud in inequitable conduct (Defense No. 19), would require some conduct on the part of Plaintiff to be relevant, conduct of which Plaintiff is unaware and Defendants have failed to plead (*e.g.*, Defense No. 5, unclean hands, or Defense No. 23, acquiescence), or the affirmative defenses are wholly irrelevant to the pleadings as they relate to claims for negligence and punitive damages which are not before the Court (*e.g.*, Defense No. 4; Nos. 7, 27-32). As discussed below, Plaintiff seeks the narrowing of Defendants' affirmative defenses to only those which might plausibly be related to the claims asserted in this litigation, although Plaintiff does not concede that any of Defendants' affirmative defense will actually apply following discovery on the merits.

Defendants also asserted two declaratory judgment claims in their Amended Answer and Counterclaims which are no more than redundant, mirror-image claims to the claims Plaintiff has already asserted. Defendants' first counterclaim seeks a declaration that Plaintiff's claimed rights to the term "Provision Company" are invalid, Dkt. 57, at ¶¶ 22-23, and that Plaintiff's trademark

registration and application be declared invalid, *id.* at ¶¶ 24-25. As discussed below, the validity of Plaintiff's rights is a fundamental element of proving its trademark infringement and unfair competition claims, making this counterclaim redundant to claims already in the case. In their second counterclaim, Defendants also seek a declaration that they do not infringe any rights possess by Plaintiff. (Dkt. 57, at ¶¶ 27-29). This claim is no more than the exact inverse of Plaintiff's claims which rely on proving Defendants' infringed Plaintiff's rights, again making this counterclaim redundant to claims already in the case.

### III.   LEGAL STANDARDS

Under Federal Rule of Civil Procedure 12(f), a court may "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). A motion to strike pursuant to Rule 12(f) is the appropriate remedy for declaratory judgment counterclaims where the "declaratory relief sought is redundant in light of the claims raised in the complaint." *Monster Daddy LLC v. Monster Cable Products, Inc.*, No. CA 6:10-1170-HMH, 2010 WL 4853661, at *5 (D.S.C. Nov. 23, 2010). A Rule 12(f) motion is also appropriate for redundant or immaterial affirmative defenses. *See Held Products, Inc. v. Code Corp.*, No. CV 17-167-RMG, 2017 WL 2537235, at *5 (D.S.C. June 9, 2017). Granting a motion under Rule 12(f) is proper where "the challenged allegations are so unrelated to the plaintiff's claims as to be unworthy of any consideration as a defense and that their presence in the pleading throughout the proceeding will be prejudicial to the moving party." *Id.* at *2. While "courts typically strike defenses only when they have no possible relation to the controversy, … a defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted." *Id.*

### IV.   ARGUMENT

As set forth below, Defendants have merely asserted mirror-image and thus redundant

declaratory judgment trademark claims in their first and second counterclaims, and have pled redundant, immaterial, and impertinent affirmative defenses in alleging fourteen (14) generic, unsupported affirmative defenses in their Answer to the Second Amended Complaint. The Court should exercise its discretion to strike the redundant counterclaims as well as the redundant, immaterial, or otherwise impertinent "copy and paste" affirmative defenses which fail to satisfy even the most basic notice-pleading standard.

### A.     Defendants' Mirror-Image Declaratory Judgment Counterclaims Should be Dismissed

Defendants' mirror-image counterclaims add nothing to the litigation and are duplicative of Plaintiff's claims for trademark infringement and unfair competition. Defendants' counterclaims also appear to be duplicative of their affirmative defenses, to the extent some affirmative defenses provided sufficient notice to Plaintiff of the defenses asserted.[1] Accordingly, the Court should exercise its discretion to dismiss redundant and duplicative counterclaims. *See Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994) ("federal courts have the discretion to decide whether to hear declaratory judgment actions").

A court should not entertain a declaratory judgment action unless "it finds that the declaratory relief sought (i) will serve a useful purpose in clarifying and settling the legal relations in issue, and (ii) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Cont'l Cas. Co. v. Fuscardo*, 35 F.3d 963, 965 (4th Cir. 1994) (cleaned up). The decision on whether to "entertain a counterclaim for declaratory judgment rests

---

[1] For example, Plaintiff is not challenging Defendants' affirmative defense which go to the merits of Plaintiff's trademark claims, many of which are also redundant to Defendants' counterclaims, such as Affirmative Defenses 6 (Plaintiff has no trademark rights), 8 (trademark abandonment), 9 (trademark misuse), 10 (non-infringement), 11 (invalidity), 13 (lack of trademark ownership), 17 (marks are not confusingly similar), 18 (no likelihood of confusion), 20 (failure to use mark), 21 (pre-emption), 25 (not inherently distinctive), and 26 (no commercial goodwill).

within the sound discretion of the court." *Monster Daddy LLC v. Monster Cable Products, Inc.*, No. CA 6:10-1170-HMH, 2010 WL 4853661, at *5 (D.S.C. Nov. 23, 2010) (citing *New Wellington Fin. Corp. v. Flagship Resort Dev. Corp.,* 416 F.3d 290, 296–97 (4th Cir.2005). "Even when a court has jurisdiction over a declaratory judgment action, 'a district court is authorized, in the sound exercise of its discretion, to stay or to dismiss an action seeking a declaratory judgment before trial or after all arguments have come to a close.'" *Id.* (quoting *Wilton v. Seven Falls Co.,* 515 U.S. 277, 288 (1995)).

This Court has a history of striking declaratory judgment claims which "raise the same legal issues that are already before the court." *Monster Daddy*, 2010 WL 4853661, at *6; *see also Kennedy v. MI Windows & Doors, Inc.*, No. 2:12-CV-2305-DCN, 2013 WL 267853, at *6 (D.S.C. Jan. 24, 2013) (Norton, J.) (dismissing declaratory judgment claims seeking declaration on overlapping substantive claims which had not yet been determined, and collecting cases dismissing declaratory relief claims on the same issues as the substantive claims before the court). *Friends of DeReef Park v. Nat'l Park Serv.*, No. 2:13-CV-03453-DCN, 2015 WL 12807800, at *10 (D.S.C. May 27, 2015) (Norton, J.) (observing that "[m]any district courts have dismissed counterclaims that are duplicative of affirmative defenses" and collecting similar cases from other districts holding the same).

In *Monster Daddy*, the plaintiff brought a breach of settlement action that arose out of disputes over alleged trademark infringement by the defendant. *Id.* at *1. In response, the defendant raised issues pertaining to trademark infringement as declaratory judgment counterclaims. *Id.* at *5. In particular, the defendant asked for (1) "a judicial declaration holding that it has priority of use for [the mark], and that it has not infringed" plaintiff's mark, and (2) "a declaratory judgment that [plaintiff] has no trademark rights in [its mark]." *Id.* The plaintiff moved to strike these trademark

7

infringement related counterclaims. *Id.* The court found that these "declaratory judgment counterclaims raise the same legal issues that are already before the court." *Id.* at *6. The court further found "no evidence that the twin objectives of declaratory relief, clarification of legal relations and relief of uncertainty, would be promoted by entertaining these claims." *Id.* The court granted the plaintiff's motion to strike the counterclaims and "decline[d] to entertain [the defendant's] request for declaratory relief with respect to the issues of priority and infringement." *Id.*

In this case, Plaintiff has squarely put before the Court the issues of trademark validity and infringement by alleging trademark infringement and related unfair competition in its first and second claims for trademark infringement and unfair competition under the Lanham Act. (Dkt. 44, at 9). "In order to prevail [under] the Lanham Act for trademark infringement and unfair competition, respectively, a complainant must demonstrate that it has a valid, protectible trademark and that the defendant's use of a colorable imitation of the trademark is likely to cause confusion among consumers." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Virginia, Inc.*, 43 F.3d 922, 930 (4th Cir. 1995). Accordingly, the validity of Plaintiff's trademark rights is already squarely before this Court, as is the question of whether Defendants infringed those rights. Like the Court in *Monster Daddy*, this Court should find that the "declaratory judgment counterclaims raise the same legal issues that are already before the court." *Monster Daddy*, 2010 WL 4853661, *6. And like the *Monster Daddy* Court, this Court should dismiss Defendants' redundant counterclaims.

### B.   Defendants' Generic, Redundant, Immaterial, and Impertinent Affirmative Defenses Should be Stricken

No fewer than fourteen (14) of Defendants' thirty-two (32) affirmative defenses are redundant, immaterial, and impertinent and should be stricken under Rule 12(f). Plaintiff does not challenge all of Defendants' affirmative defenses, despite their thread-bare nature, given the recent

8

trend toward a liberal pleading standard most courts apply to affirmative defenses. Further, Plaintiff takes no position on any well-pled and sufficiently supported affirmative defenses which Defendants may discover are available to them during the course of litigation and for which Defendants may seek leave of Court to assert at an appropriate time. However, at least fourteen of Defendants' affirmative defenses, as pled in Defendants' Amended Answer and Counterclaims, are wholly without support or merit, cannot plausibly be tied to this litigation and the claims Plaintiff has asserted, do not provide sufficient notice under even the lowest of standards, and should be stricken from Defendants' pleading.

While this Court originally held that the *Twombly / Iqbal* notice pleading standard applies to affirmative defenses, *see Monster Daddy*, 2010 WL 4853661, at *8 (Herlong, J.) ("The court is persuaded that the pleading standard established in *Twombly* and *Iqbal* applies to affirmative defenses and adopts the majority view."), more recent decisions have reversed course, *see Cohen v. SunTrust Mortgage, Inc.*, No. 3:16-CV-02513-CMC, 2017 WL 1173581, at *3 (D.S.C. Mar. 30, 2017) (Currie, J.) ("This court joins what appears to be the recent trend in finding the *Twombly-Iqbal* standard inapplicable to affirmative defenses."). Regardless of which standard this Court decides applies, even under the recent, more liberal standard, an affirmative defense must still be sufficiently pled to give a plaintiff a "fair notice of the nature of the defense." *Clem v. Corbeau*, 98 Fed. Appx. 197, 203 (4th Cir. 2004). And at a bare minimum, the affirmative defenses must be plausibly related to the plaintiff's claims. *See Hand Held Products, Inc. v. Code Corp.*, No. CV 17-167-RMG, 2017 WL 2537235, at *2 (D.S.C. June 9, 2017). At least fourteen (14) of Defendants' thirty-two (32) generic affirmative defenses fail to meet these minimum standards.

Specifically, Plaintiff requests the Court strike the following Affirmative Defenses for the reasons identified below. First, the Nineteenth Affirmative Defense alleges fraud and inequitable

conduct, but only in a conclusory manner and with no support. Federal Rule of Civil Procedure 9(b) requires, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." The sum total of Defendants' assertion of fraud is in its affirmative defense, listed below, which cannot plausibly meet the heightened pleading standard of Rule 9(b):

> **NINETEENTH AFFIRMATIVE DEFENSE:** The claims asserted in the Second Amended Complaint, in whole or in part, fail as Plaintiff engaged in inequitable conduct, fraud, or prosecution misconduct in obtaining any rights to its alleged trademark.

(Dkt. 57, at 10). Because Defendants have not alleged any facts or circumstances, let alone with particularity, which could plausibly support a claim for fraud or inequitable conduct, the Court should strike this affirmative defense as impertinent and immaterial.

For the following eight (8) claims, Plaintiff has not pled any claims which would give rise to these affirmative defenses, and accordingly, the Court should strike these affirmative defenses as immaterial. Specifically, Provision Company has not made any claim based on negligence to which the Fourth Affirmative Defense would be applicable, nor has Provision Company made any claim for punitive damages, for which the remaining seven affirmative defenses would be applicable. Additionally, Defendants have failed to provide factual allegations regarding these affirmative defenses sufficient to give Plaintiff sufficient and "fair notice of the nature of the defense." *Clem*, 98 Fed. Appx. at 203.

> **FOURTH AFFIRMATIVE DEFENSE:** Defendants plead the intervening, superseding, insulating, concurring, or contributory negligence of any persons outside of its control in bar to or limitation of Plaintiff's claims against Defendant.
> - Plaintiff has not stated a claim for negligence; thus, this affirmative defense is not relevant to Plaintiff's claims in this litigation.
> - Defendants have failed to provide sufficient notice of facts that may give rise to this affirmative defense or how it might apply to the claims of this litigation.
>
> **SEVENTH AFFIRMATIVE DEFENSE:** Plaintiff's fail to state a claim for which punitive damages may be awarded.

- o Plaintiff has not stated a claim for punitive damages; thus, this affirmative defense is not relevant to Plaintiff's claims in this litigation.
- o Defendants have failed to provide sufficient notice of facts that may give rise to this affirmative defense or how it might apply to the claims of this litigation.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE:** Defendants state that any award of punitive damages against Defendants would violate the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and Article One, Section Three of the South Carolina Constitution…
- o Plaintiff has not stated a claim for punitive damages; thus, this affirmative defense is not relevant to Plaintiff's claims in this litigation.
- o Defendants have failed to provide sufficient notice of facts that may give rise to this affirmative defense or how it might apply to the claims of this litigation.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE:** Any assertion of the right to punitive damages by Plaintiff would fail as a matter of law as there is no evidence of any willful, wanton, or reckless conduct on the part of Defendants.
- o Plaintiff has not stated a claim for punitive damages; thus, this affirmative defense is not relevant to Plaintiff's claims in this litigation.
- o Defendants have failed to provide sufficient notice of facts that may give rise to this affirmative defense or how it might apply to the claims of this litigation.

**TWENTY-NINTH AFFIRMATIVE DEFENSE:** Plaintiff's assertion of rights to punitive damages fails as any award of punitive damages would violate one or more provisions of South Carolina Code Section 15-32-510 *et seq*.
- o Plaintiff has not stated a claim for punitive damages; thus, this affirmative defense is not relevant to Plaintiff's claims in this litigation.
- o Defendants have failed to provide sufficient notice of facts that may give rise to this affirmative defense or how it might apply to the claims of this litigation.

**THIRTIETH AFFIRMATIVE DEFENSE:** Defendants hereby plead all punitive damages limits pursuant to S.C. Code Ann. § 15-32-530, as if fully stated herein verbatim.
- o Plaintiff has not stated a claim for punitive damages; thus, this affirmative defense is not relevant to Plaintiff's claims in this litigation.
- o Defendants have failed to provide sufficient notice of facts that may give rise to this affirmative defense or how it might apply to the claims of this litigation.

**THIRTY-FIRST AFFIRMATIVE DEFENSE:** Defendants hereby request trial bifurcation of the issue of punitive damages pursuant to S.C. Code Ann. § 15-32-520.

- o Plaintiff has not stated a claim for punitive damages; thus, this affirmative defense is not relevant to Plaintiff's claims in this litigation.
- o Defendants have failed to provide sufficient notice of facts that may give rise to this affirmative defense or how it might apply to the claims of this litigation.

**THIRTY-SECOND AFFIRMATIVE DEFENSE:** Defendants hereby plead all defenses, limitations on damages, and other privileges, contained in S.C. Code Ann. § 15-32-520 including the right to a jury determination of punitive damages specific to each defendant and judicial review and reduction of any punitive damages award against each Defendant.
- o Plaintiff has not stated a claim for punitive damages; thus, this affirmative defense is not relevant to Plaintiff's claims in this litigation.
- o Defendants have failed to provide sufficient notice of facts that may give rise to this affirmative defense or how it might apply to the claims of this litigation.

(Dkt. 57, at 8-12). Because Plaintiff has not made any claims to which these generic affirmative defenses would apply, the Court should strike these affirmative defenses as immaterial.

Finally, Defendants have pled five (5) affirmative defenses which would necessarily be predicated on some conduct of Plaintiff, but without specifying any facts or circumstances that even suggest such conduct ever occurred. For example, the Fifth Affirmative Defense raises the defense of unclean hands, but without so much as a conclusory assertion of any conduct by Plaintiff which would give rise to a claim of unclean hands. Likewise, acquiescence would require some form of conduct, or a failure to act despite certain knowledge, but Defendants have made no such allegations in support of these generic defenses.

**FIFTH AFFIRMATIVE DEFENSE:** Plaintiff's causes of action fail as Plaintiff has unclean hands.
- o Defendants have failed to provide sufficient notice of facts that may give rise to this affirmative defense or how it might apply to the claims of this litigation.

**FOURTEENTH AFFIRMATIVE DEFENSE:** Plaintiff has assigned the rights to the trademark to a third-party and lacks standing to bring this action.
- o Defendants have failed to provide sufficient notice of facts that may give rise to this affirmative defense or how it might apply to the claims of this litigation.

**TWENTY-SECOND AFFIRMATIVE DEFENSE:** Plaintiff's causes of action fail as a matter of law as Plaintiff has given implied consent to Defendants [sic] conduct.
- Defendants have failed to provide sufficient notice of facts that may give rise to this affirmative defense or how it might apply to the claims of this litigation.

**TWENTY-THIRD AFFIRMATIVE DEFENSE:** Plaintiff's causes of action are barred under the doctrine of acquiescence.
- Defendants have failed to provide sufficient notice of facts that may give rise to this affirmative defense or how it might apply to the claims of this litigation.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE:** Plaintiff's causes of action fail as a matter of law as they are designed to improperly restrain trade in violation of anti-trust laws.
- Defendants have failed to provide sufficient notice of facts that may give rise to this affirmative defense or how it might apply to the claims of this litigation.

(Dkt. 57, at 8-10). In sum, Defendants' threadbare recitals of generic affirmative defenses fail to provide notice to Plaintiff of Defendants' actual bases for asserting these defenses. Furthermore, allowing these generic, threadbare, immaterial, and impertinent affirmative defenses to remain in the pleading may give rise to unreasonable discovery demands and complicate the litigation in unnecessary ways moving forward. Accordingly, allowing these affirmative defenses to stand would prejudice Plaintiff, and the Court should strike Affirmative Defenses Nos. 4, 5, 7, 14, 19, 22-24, and 27-32 from Defendants' pleading.

Finally, although many of Defendants' other generic affirmative defenses are objectionable and fail to provide sufficient notice of the basis for pleading such affirmative defenses, they at least relate to fundamental elements of trademark infringement and the allegations contained in the Complaint. Accordingly, Plaintiff limits its request to strike only those affirmative defenses identified above which are the most egregious for failure to provide any notice remotely close to sufficient to Plaintiff and/or as being completely unrelated to the present litigation. And notably,

if the Court strikes these fourteen (14) affirmative defenses, Defendants still have eighteen (18) affirmative defenses which have some colorable possibility of relation to this litigation.

## V. CONCLUSION

For the foregoing reasons, Defendants' mirror-image declaratory judgement counterclaims and the fourteen generic affirmative defenses identified above are redundant, immaterial, and/or impertinent, and Plaintiff respectfully requests that the Court strike these counterclaims and affirmative defenses from Defendants' pleadings.

Dated: September 27, 2022

Respectfully submitted,

/s/Ryan Ellard
Ryan D. Ellard, Federal Bar No. 12819
Ryan.Ellard@wbd-us.com
P.O. Box 999 [5 Exchange Street, 29401]
Charleston, SC 29402-0999
Main: (843) 722-3400

Charles A. Burke (admitted *pro hac vice*)
WOMBLE BOND DICKINSON (US) LLP
555 Fayetteville Street, Suite 1100
Raleigh, NC 27601
Phone: 919-755-2165
Email: Charles.Burke@wbd-us.com

John D. Wooten IV (admitted *pro hac vice*)
WOMBLE BOND DICKINSON (US) LLP
300 N. Greene St., Suite 1900
Greensboro, NC 27401
Phone: 336-574-8090
Email: JD.Wooten@wbd-us.com

*Attorneys for Plaintiff Yacht Basin Provision Company, Inc. d/b/a Provision Company*

WBD (US) 59005145